UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WEBER-STEPHEN PRODUCTS CO.,** | Case No. 1:08cv1462 |
| **Plaintiff,** | Judge Norgle |
| vs. | |
| | Magistrate Judge Schenkier |
| **PRO-IRODA USA, INC.,** | |
| **Defendant.** | |

**DEFENDANT PRO-IRODA USA, INC.'S
ANSWER AND COUNTERCLAIM**

Defendant, Pro-Iroda USA, Inc. ("Pro-Iroda"), by and through its attorney, Martin B. Carroll of Fox, Hefter, Swibel, Levin & Carroll, LLP, upon knowledge as to itself and its own acts, and otherwise upon information and belief, responds to the Complaint for Patent Infringement ("Complaint") of Plaintiff, Weber-Stephen Products Co. ("Weber"), as follows:

**THE PARTIES**

1.  Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies the allegations in paragraph 1.

2.  Pro-Iroda admits the allegations of paragraph 2.

3.  Pro-Iroda admits that it sells and offers to sell grills and other products. Except as expressly admitted, Pro-Iroda denies the allegations of paragraph 3.

**THE ACCUSED PRODUCT**

4.  Pro-Iroda admits that a photo and description of an O'Grill 3000 are attached to the Complaint as Exhibit A. Except as expressly admitted, Pro-Iroda denies the allegations of paragraph 4.

5. Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of U.S. Patent No. 7,073,429 ("the '429 patent") provided in paragraph 5; accordingly, Pro-Iroda denies the allegations of paragraph 5.

6. Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of the '429 patent provided in paragraph 6; accordingly, Pro-Iroda denies the allegations of paragraph 6.

7. Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of the '429 patent provided in paragraph 7; accordingly, Pro-Iroda denies the allegations of paragraph 7.

8. Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of the '429 patent provided in paragraph 8; accordingly, Pro-Iroda denies the allegations of paragraph 8.

9. Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of the '429 patent provided in paragraph 9; accordingly, Pro-Iroda denies the allegations of paragraph 9.

10. Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not

construed the claims terms of the '429 patent provided in paragraph 10; accordingly, Pro-Iroda denies the allegations of paragraph 10.

11.   Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of the '429 patent provided in paragraph 11; accordingly, Pro-Iroda denies the allegations of paragraph 11.

12.   Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of the '429 patent provided in paragraph 12; accordingly, Pro-Iroda denies the allegations of paragraph 12.

13.   Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of the '429 patent provided in paragraph 13; accordingly, Pro-Iroda denies the allegations of paragraph 13.

14.   Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of the '429 patent provided in paragraph 14; accordingly, Pro-Iroda denies the allegations of paragraph 14.

15.   Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of the '429 patent provided in paragraph 15; accordingly, Pro-Iroda denies the allegations of paragraph 15.

16. Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of the '429 patent provided in paragraph 16; accordingly, Pro-Iroda denies the allegations of paragraph 16.

17. Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of the '429 patent provided in paragraph 17; accordingly, Pro-Iroda denies the allegations of paragraph 17.

18. Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of the '429 patent provided in paragraph 18; accordingly, Pro-Iroda denies the allegations of paragraph 18.

19. Pro-Iroda lacks knowledge or information sufficient to form a belief as to the truth of the allegations because claim construction is a matter of law and the Court has not construed the claims terms of the '429 patent provided in paragraph 19; accordingly, Pro-Iroda denies the allegations of paragraph 19.

20. Pro-Iroda denies the allegations of paragraph 20.

**JURISDICTION AND VENUE**

21. Pro-Iroda admits that jurisdiction is based on provisions of 28 U.S.C. §§ 1331, 1337, and 1338 arising under the United States patent statutes for United States patents. Except as expressly admitted, Pro-Iroda denies the allegations of paragraph 21.

22. Pro-Iroda admits that venue is based on provisions of 28 U.S.C. §§ 1391(b) and (c) and 1400(a) and (b). Except as expressly admitted, Pro-Iroda denies the allegations of paragraph 22.

## INFRINGEMENT OF U.S. PATENT 7,073,429

23. Pro-Iroda admits that, on its face, the '429 patent was issued on July 11, 2006 to Weber and that a copy of the '429 patent is attached to the Complaint as Exhibit C. Except as expressly admitted, Pro-Iroda denies the allegations of paragraph 23.

24. Pro-Iroda denies the allegations of paragraph 24.

25. Pro-Iroda denies the allegations of paragraph 25.

26. Pro-Iroda denies the allegations of paragraph 26.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Weber has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

2. Pro-Iroda has not infringed, directly, literally, by equivalence, by inducement, contributorily, or otherwise, any valid claim of the '429 patent.

### Third Affirmative Defense

3. One or more of the claims of the '429 patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, *et seq.*, including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112. Further, the claims of the '429 patent are further afforded no presumption of validity over an obvious defense or counterclaim pursuant to 35 U.S.C. § 103 in light of the United States Supreme Court's recent ruling in *KSR International Co. v. Teleflex, Inc.*, which eliminated the teaching,

### Fourth Affirmative Defense

4. Weber lacks standing to assert its claim, e.g., no evidence has been provided of the alleged assignment of the '429 patent to Plaintiff.

### Fifth Affirmative Defense

5. Weber's claims are barred by the equitable doctrines of estoppel, waiver, laches, and/or unclean hands.

### Sixth Affirmative Defense

6. The doctrines of prosecution history estoppel and disclaimer prevent assertion of a scope of any claim of the '429 patent that would cover the accused product.

### Seventh Affirmative Defense

7. Pro-Iroda reserves the right to assert additional affirmative defenses during or upon completion of discovery.

### **PRAYER FOR RELIEF**

WHEREFORE, Pro-Iroda prays for the following relief:

A. That this Court dismiss the Complaint filed by Weber and that Weber have and recover nothing by reasons thereof;

B. That this Court award Pro-Iroda its costs and expenses, including reasonable attorneys' fees in defending this action; and,

C. That this Court award Pro-Iroda such other and further relief and damages as justice and equity require.

## COUNTERCLAIM

Defendant/Counterclaim-Plaintiff, Pro-Iroda USA, Inc. ("Pro-Iroda"), hereby alleges the following counterclaims against Plaintiff/Counterclaim-Defendant, Weber-Stephen Products Co. ("Weber"):

## THE PARTIES AND ACTION

1. This is an action for declaratory judgment of non-infringement and invalidity.

2. Pro-Iroda is an Ohio corporation with its principal place of business at 70 Millcreek Lane, Moreland Hills, OH 44022.

3. Weber alleges that it is a Delaware corporation headquartered in Palatine, Illinois, and on that basis, Pro-Iroda avers the same. On information and belief, Weber does continuous and systematic business in this judicial district, and claims to be the owner of United States Patent No. 7,073,429 ("the '429 patent").

## JURISDICTION AND VENUE

4. Weber has submitted to the jurisdiction of this Court by virtue of initiating this action against Pro-Iroda for alleged infringement of the '429 patent. Moreover, upon information and belief, Weber engages in regular course of business in this judicial district, thereby giving this Court personal jurisdiction over Weber.

5. There is an actual justiciable case or controversy pursuant to 28 U.S.C. § 2201 regarding the validity and infringement of the '429 patent. A judicial declaration that the claims of the '429 patent are invalid and that Pro-Iroda has not infringed any claim of the '429 patent is necessary and appropriate at this time so that Pro-Iroda may ascertain its right and duties with respect to the '429 patent.

6. This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 2201, 2202, and 1338 as a declaratory judgment action arising under the Patent Laws, Title 35 of the United States Code.

7. Venue is proper over this counterclaim in this judicial district under 28 U.S.C. §§ 1391 and 1400.

COUNT ONE

**<u>DECLARATORY JUDGMENT OF INVALIDITY</u>**

8. Pro-Iroda incorporates the foregoing paragraphs of its Counterclaim by reference as though fully set forth herein

9. This counterclaim arises under the Declaratory Judgment Act, 28. U.S.C. §§ 2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and seeks a declaratory judgment that each of the claims of the '429 patent is invalid.

10. Weber purports to be the owner by assignment of the '429 patent.

11. Weber has sued Pro-Iroda in the present action, alleging infringement of claims of the '429 patent.

12. The claims of the '429 patent are and have been invalid and void on the grounds that the purported invention, attempted to be patented therein, fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, the conditions specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 305 of the Code.

13. The claims of the '429 patent are further afforded no presumption of validity over an obvious defense or counterclaim pursuant to 35 U.S.C. §103 in light of the United States Supreme Court's recent ruling in *KSR International Co. v. Teleflex, Inc.*, which

eliminated the teaching, suggestion and motivation test as the sole basis on which an obviousness rejection must be premised.

14.    A judicial declaration is necessary under the circumstances to resolve this controversy. Pro-Iroda is entitled to a declaratory judgment that each of the claims of the '429 patent is invalid.

**COUNT TWO**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT
OF THE O'GRILL 3000**

15.    Pro-Iroda incorporates the foregoing paragraphs of its Counterclaim by reference as though fully set forth herein.

16.    This counterclaim arises under the Declaratory Judgment Act, 28. U.S.C. §§ 2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and seeks a declaratory judgment that Pro-Iroda does not infringe any valid and enforceable claim of the '429 patent.

17.    Pro-Iroda does not make, use, offer to sell or sell, within the United States, or import into the United States, any products that infringe any valid and enforceable claim of the '429 patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid and enforceable claim of the '429 patent.

18.    A judicial declaration is necessary under the circumstances to resolve this controversy. Pro-Iroda requests a declaratory judgment that it does not make, use, offer to sell or sell, within the United States, or import into the United States, any products that infringe any valid and enforceable claim of the '429 patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid and enforceable claim of the '429 patent.

## COUNT THREE
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF THE O'GRILL GENI

19. Pro-Iroda incorporates the foregoing paragraphs of its Counterclaim by reference as though fully set forth herein.

20. This counterclaim arises under the Declaratory Judgment Act, 28. U.S.C. §§ 2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.* A judicial declaration is necessary under the circumstances to resolve this controversy based on the allegations against the "O'Grill" in Weber's Complaint.

21. The manufacture, use, sale, offer for sale or import for sale in the United States of the O'GRILL GENI does not infringe any valid and enforceable claim of the '429 patent.

22. Pro-Iroda seeks a declaratory judgment that the manufacture, use, sale, offer for sale or import for sale in the United States of the O'GRILL GENI does not infringe any valid and enforceable claim of the '429 patent.

## PRAYER FOR RELIEF ON COUNTERCLAIMS

WHEREFORE, Pro-Iroda prays for the following relief on its Counterclaim against Weber:

A. That this Court enter judgment that none of Pro-Iroda's products infringe or have infringed, either directly or indirectly, any valid claim of the '429 patent;

B. That this Court enter judgment that the manufacture, use, sale, offer for sale or import for sale in the United States of the O'GRILL GENI does not infringe any valid and enforceable claim of the '429 patent;

C. That this Court enter judgment that the claims of the '429 patent are invalid;

    D.    That this Court declare that this case is exceptional under 35 U.S.C. § 285 and award Pro-Iroda its attorneys' fees, costs, and expenses incurred in this action; and,

    E.    That this Court grant Pro-Iroda such other and further relief as this Court may deem just and equitable.

    Pro-Iroda USA, Inc.

    *s/ Martin B. Carroll*
    One of its Attorneys

Martin B. Carroll
FOX, HEFTER, SWIBEL, LEVIN & CARROLL LLP
200 West Madison Street, Suite 3000
Chicago, IL 60606
Tel.: (312) 224-1230
Fax: (312) 224-1202
mcarroll@fhslc.com

*Counsel for Defendant/Counterclaim-Plaintiff,*
*Pro-Iroda USA, Inc.*

Of Counsel:

Kevin W. Kirsch
*kirsch@taftlaw.com*
Thomas J. Lee
*lee@taftlaw.com*
David A. Mancino
*mancino@taftlaw.com*
Ryan M. Bednarczuk
*bednarczuk@taftlaw.com*
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3956
Phone: (513) 381-2838
Fax:    (513) 381-0205

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2008, the foregoing DEFENDANT PRO-IRODA USA, INC.'S ANSWER AND COUNTERCLAIM was filed electronically with the Clerk of Courts. Notification of this filing will be sent to the parties listed below by operation of this Court's CM/ECF system.

*s/ Martin B. Carroll*
Martin B. Carroll
